IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED
07/14/2011

|  |  |
|---|---|
| IN RE | ) |
| | ) |
| SAMSHI HOMES, LLC, | ) CASE NO. 10-37643-H3-11 |
| | ) |
| Debtor, | ) |
| | ) |

MEMORANDUM OPINION

The court has held a hearing on "Samshi Homes, LLC's Third Emergency Motion for Use of Cash Collateral and for Interim Use of Cash Collateral" (Docket No. 87). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Samshi Homes, LLC ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on September 3, 2010.

Prepetition, Debtor acquired three lots in Houston, Texas. On the first lot, located at 2540 Prospect St., Debtor developed seven townhomes. Debtor also holds real property platted for townhomes, located at 2616 Riverside and 2531 Calumet, for further development.

Texas Community Bank, N.A. ("TCB") has asserted a security interest in all three properties, and in the leases and rents of the townhomes, to secure its debt. TCB filed a proof of claim, in the amount of $2,416,737.97. (TCB Exhibit 13).

Prior to the filing of the instant motion, Debtor twice sought and obtained authority to use TCB's cash collateral. On September 24, 2010, Debtor filed a motion to use TCB's cash collateral. (Docket No. 11). After a hearing, by order entered on October 18, 2010 (Docket No. 19), Debtor was permitted to use $4,529 of TCB's cash collateral for September, 2010, $9,225 for October, 2010, and $12,925 for December, 2010. The order did not require Debtor to make adequate protection payments to TCB. The order did not contain any provision for payment of ad valorem real property taxes.

On March 25, 2011, Debtor filed a second motion to use TCB's cash collateral (Docket No. 57). At the hearing on the second motion, Debtor and TCB announced an agreement. The agreement, which was set forth in an agreed order entered on April 19, 2011 (Docket No. 67), provided that Debtor was authorized to use $12,860 per month, from January, 2011 through June, 2011. The agreed order did not require Debtor to make adequate protection payments to TCB. The agreed order provided that Debtor was to pay $7,746 per month for ad valorem property taxes.

Russell Barnett, an executive vice president of TCB, testified that he believes TCB is not adequately protected for Debtor's further use of cash collateral by replacement liens in future leases and rents, because the real estate market is in a declining position, he is uncertain whether the properties are being adequately maintained, and "the property tax arrearage is so severely past due that the interest and penalties accruing on that are constantly devaluing the overall value of the property in the market."

In the interim between the second motion for use of cash collateral and the instant motion, Debtor's first amended plan was set for a confirmation hearing.  At the confirmation hearing, held on June 21, 2011, Debtor's counsel orally proposed numerous material modifications to the plan.  Debtor has not filed a written plan containing the proposed modifications, and has not filed a new disclosure statement addressing the proposed modifications.[1]

At the hearing on the instant motion, Vijay Karna, Debtor's managing member, testified that Debtor is operating seven townhomes.  He testified that one of the units is presently

---

[1] The court notes that the plan proposed by Debtor, prior to the modifications orally suggested by Debtor's counsel at the confirmation hearing, provided that Debtor's incumbent equity owners were to retain their ownership and control of Debtor, while TCB was not to be paid anything until either the properties were sold, or 18 months elapsed.

vacant. He testified that the total rent for the units is approximately $10,000 per month.

Karna testified that routine maintenance of the townhomes and common areas costs approximately $700 to $1,000 per month. He testified that Debtor's present intention is to pay for the common area maintenance, make any repairs Debtor deems necessary, and make payments on Debtor's ad valorem property tax debt. He testified that Debtor intends to make payments to TCB only if there are surplus funds after Debtor's expenses and tax payments.

Karna testified that, on the petition date in the instant case, construction of the townhomes was not complete, and Debtor had not obtained a certificate of occupancy from the City of Houston. He testified that, despite the cash collateral budget which addressed operating expenses of the townhomes and payment of ad valorem taxes, Debtor used the funds to complete construction of the townhomes. He testified that, after the construction was complete, instead of using the cash collateral to make payments of ad valorem taxes, he unilaterally determined that the funds should be used to make improvements to the townhome properties, including the installation of a video surveillance system. He testified that he neither notified TCB of this decision, nor sought permission from TCB or the court to use TCB's cash collateral for these purposes.

Conclusions of Law

Under Section 363(c)(2) of the Bankruptcy Code, a trustee (including a Chapter 11 debtor in possession) may not use cash collateral unless each entity that has an interest in such cash collateral consents, or the court, after notice and a hearing, authorizes such use.  11 U.S.C. § 363(c)(2).

Except as provided in Section 363(c)(2), the trustee (including a Chapter 11 debtor in possession) shall segregate and account for any cash collateral in the trustee's possession, custody, or control.  11 U.S.C. § 363(c)(4).

On request of an entity that has an interest in, _inter alia_, cash collateral, the court shall prohibit or condition the use of, _inter alia_, cash collateral "as is necessary to provide adequate protection of such interest."  11 U.S.C. § 363(e).

In a hearing under Section 363, the trustee (including a Chapter 11 debtor in possession) has the burden of proof on the issue of adequate protection.   11 U.S.C. § 363(p)(1).

In the instant case, Debtor's evidence does not support a conclusion that TCB is adequately protected.  Karna's testimony indicates that, despite prior orders of this court constraining Debtor's use of cash collateral, Debtor has used TCB's cash collateral for whatever purpose Karna decided, without seeking court authority or the consent of TCB.  Barnett's uncontroverted testimony is that the real property market is declining, such that continued delay erodes the potential recovery for TCB.  The

court concludes that Debtor has not sustained its burden of proof regarding adequate protection.

Based on the foregoing, the court will enter a separate Judgment denying "Samshi Homes, LLC's Third Emergency Motion for Use of Cash Collateral and for Interim Use of Cash Collateral" (Docket No. 87).

Signed at Houston, Texas on July 14, 2011.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE